J-S46027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN ALEXANDER | : | |
| | : | |
| Appellant | : | No. 83 EDA 2020 |

Appeal from the PCRA Order Entered November 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1019451-1990

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED: JANUARY 29, 2021**

Appellant, Benjamin Alexander, appeals *pro se* from the order entered on November 1, 2019, that denied as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as follows:

> [Appellant] was arrested and subsequently charged with two counts of first-degree murder, aggravated assault and possession of an instrument of a crime ("PIC") in relation to the shooting deaths of David Cotton and Richard Mills on August 30, 1990[,] in the city and county of Philadelphia. On July 24, 1991, following a jury trial presided over by the Honorable Joseph D. O'Keefe, [Appellant] was convicted of two counts each of first-degree murder, aggravated assault and PIC. On October 1, 1991, the trial court sentenced [Appellant] to a mandatory term of life imprisonment without parole for the first-degree murder bills and concurrent terms on the remaining bills. [Appellant] filed a timely notice of appeal.[2] Following a direct appeal, the Superior Court

affirmed the judgment of sentence on January 6, 1993, and [Appellant] failed to seek *allocatur* with the Pennsylvania Supreme Court.[3]

> [2] Following a thorough review of the case file, the exact date [of] the Notice of Appeal remains unclear. Regardless, it is undisputed that it was timely filed.
>
> [3] *Commonwealth v. Alexander*, 626 A.2d 642 (Pa. Super. 1993) (unpublished memorandum).

On January 26, 1996, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed an Amended PCRA Petition. Ultimately, the PCRA court formally dismissed the petition on March 23, 1998. The Superior Court affirmed the PCRA court's dismissal on June 16, 1999 and the Pennsylvania Supreme Court denied *allocatur* on December 1, 1999.[4]

> [4] *Commonwealth v. Alexander*, 742 A.2d 198 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 747 A.2d 896 (Pa. 1999).

On January 20, 2009, [Appellant] filed his second *pro se* PCRA petition. Ultimately, the PCRA court dismissed the petition as untimely on March 10, 2009. [Appellant] did not file an appeal to [the denial of] his second PCRA petition. On April 12, 2011, [Appellant] filed his third *pro se* PCRA petition. The PCRA Court dismissed the petition as untimely on November 30, 2011. [Appellant] did not file an appeal to [the dismissal of] his third PCRA petition.

On October 9, 2012, [Appellant] filed the instant *pro se* PCRA petition, his fourth, stylized as a writ of *habeas corpus*.[1] Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of this Court's intention to dismiss his petition on August 26, 2019. [Appellant] submitted a response to the Rule 907 notice on September 13, 2019. On November 1,

---

[1] Appellant filed a "supplemental filing" on August 21, 2014, that was titled, "Petition for Writ of Habeas Corpus Ad Subjiciendum." The PCRA court also addressed and disposed of it in its November 1, 2019 order dismissing Appellant's October 9, 2012 petition.

2019, the PCRA court dismissed his PCRA petition as untimely. On November 18, 2019, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 12/20/19, at 1-2.

Appellant's assertion that this Court has jurisdiction because his claims should be treated as a writ of *habeas corpus* and not a PCRA petition is meritless. Claims that are cognizable under the PCRA must be considered within the context of the PCRA. As we have explained in considering whether *habeas corpus* petitions should be treated as PCRA petitions:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. [**Commonwealth v.** ]**Fahy**, [737 A.2d 214,] at 223–224; **Commonwealth v. Chester**, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013).

In his petitions, Appellant claims that his sentence is illegal and that counsel was ineffective. Petition for Writ of *Habeas Corpus*, 10/9/12, at 1-8; "Petition for Writ of Habeas Corpus Ad Subjiciendum," 8/21/14, at 1-11. These claims are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(ii),(vii); **Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa.

Super. 2011); **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013). Accordingly, this Court and the PCRA court are constrained to review Appellant's petition within the context of the PCRA.

It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, January 16, 1996, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining the application of the PCRA grace *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days[3] of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence became final on February 5, 1993, thirty days after this Court affirmed Appellant's judgment of sentence and time expired for Appellant to file an appeal with the Pennsylvania Supreme Court.  42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a).  Accordingly, Appellant's judgment of sentence became

_____

[2] The exceptions to the timeliness requirement are:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Because Appellant's instant PCRA petition was filed prior to the effective date of this provision, it is inapplicable to our analysis.

final prior to the effective date of the PCRA amendments. However, Appellant's instant PCRA petition filed on October 9, 2012, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant presents the following issues for our review, which we present *verbatim*:

> I. WHETHER THE LOWER COURT JUDGE ABUSED ITS DISCRETION, COMMITTEED AND ERROR OF LAW, AND VIOLATER HER OATH OF OFFICE ,IN FAILING TO DECIDE A NON-WAIVABLE CLAIM OF AND ILLEGAL SENTENCE, WHERE THE PROCEDURE OF JURISDICTIONAL RESTRAINT ON AND UNTIME;Y WRIT OF HABEAS CORPUS WAS DICTIM, citing <u>BURTON AMICUS ARGUMENT</u> WHERE SENTENCE WAS NOT AUTHORIZED BY STATUTE, AS A MATTER OF LAW.

II. WHETHER THE DECISION IN <u>MONTGOMERY V LOUISANNA</u> SURROUNDING ISSUE OF ILLEGAL SENTENCE, IMPOSED ABSENCE STATUTORY AUTHORIZATION, SET A PRECEDENT, COMPELLING PCRA STATE COURTS TO GRANT RELIEF, AS ESTABLISHED IN <u>EX-PARTE SIEBOLD et.al.</u>

Appellant's Brief at 4, (*verbatim*).[4]

Claims of illegal sentences must be presented in a timely PCRA petition or fit within one of the exceptions to the PCRA time-bar. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (claims challenging legality of sentence are subject to review within PCRA, but must first satisfy PCRA's time limits). As explained previously, Appellant's instant PCRA petition is patently untimely. In his petition, Appellant attempts to satisfy the newly recognized constitutional-right exception to the PCRA time-bar by citing to ***Martinez v. Ryan***, 123 S.Ct. 1309 (2012). This Court, however, has made clear that "while ***Martinez*** represents a significant development in *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA." ***Commonwealth v. Saunders***, 60 A.3d 162, 165 (Pa. Super. 2013).

Moreover, in his brief on appeal, Appellant attempt to invoke an exception to the time-bar on the basis of ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), and ***Ex Parte Siebold***, 100 U.S. 371 (1880). Appellant's Brief at 12-15. In ***Montgomery***, the United States Supreme Court held that its decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), applies retroactively

---

[4] Although Appellant also raised claims of ineffective assistance of counsel in his petitions, Appellant does not raise those claims on appeal to this Court.

to cases on collateral review. **Montgomery**, 136 S.Ct. at 736. **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without the possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile. **Miller**, 132 S.Ct. at 2460. However, **Miller** is inapplicable to Appellant, who was an adult at the time he committed murder. Arrest Report, 10/15/90, at 1.[5] Further, Appellant has not pointed to any law in support of his contention that **Montgomery** applies to all cases involving allegedly unconstitutional sentences. Therefore, we reject Appellant's contention that he is eligible for relief under **Montgomery**, and conclude that the PCRA court properly dismissed his PCRA petition.

Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/21

---

[5] The arrest report reflects that the murders occurred in 1990, and Appellant's date of birth is February 26, 1951.

- 8 -